

FILED

December 8, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 9:14 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Roxanna Marie Hazy Kelso ) | Docket No. 2015-01-0413 |
| ) | |
| v. ) | State File No. 91781-2015 |
| ) | |
| Five Star Food Service, et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims, ) | |
| Thomas Wyatt, Judge ) | |

---

### Affirmed and Certified as Final—Filed December 8, 2017

---

The employee alleges that her bilateral upper extremity complaints, including carpal tunnel syndrome, stem from her employment as a cafeteria worker. The employer denied the claim on the basis that the statute of limitations had expired. After an expedited hearing, the trial court found the employee had filed her claim within the statute of limitations and ordered the employer to provide a panel of physicians. The employer appealed and we affirmed. Thereafter, the panel physician selected by the employee opined that the employee's complaints were not related to her employment. The employer filed a motion for summary judgment, which the trial court granted. The employee has appealed the trial court's dismissal of the case. We affirm the trial court's decision and certify the court's order as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Roxanna Marie Hazy Kelso, Charleston, Tennessee, employee-appellant, pro se

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellee, Five Star Food Service

This case is before us for the second time. Roxanna Kelso ("Employee") alleges suffering from repetitive injuries to her arms and right shoulder as a result of her employment with Five Star Food Service ("Employer"). Employee began working for Employer in August 2012 and associates her complaints with repetitive movements she performed as a cafeteria worker. She first complained of upper extremity pain around July 1, 2014, at which time Employer provided her a panel of physicians from which she selected Dr. Rickey Hutcheson. Dr. Hutcheson opined that her complaints were not causally related to her employment but were, more than likely, related to her fibromyalgia. He also noted that if she did, in fact, have carpal tunnel syndrome, she also had significant comorbidities. Employer declined to provide benefits based on Dr. Hutcheson's opinion.

In August 2014, Employee began working in a managerial position, which was less physically strenuous. At the expedited hearing, Employee testified that her symptoms improved while she was performing managerial tasks and that only after returning to a more labor intensive position in June 2015 did her symptoms increase in severity. An EMG revealed mild left carpal tunnel syndrome. Employee learned of this diagnosis on August 26, 2015, and she reported the injury to Employer and requested medical care. Employee was provided a panel of medical care facilities, but she declined to make a selection from the panel. No other panel was offered, and Employer denied the claim on the basis that the injury was not in the course and scope of the employment.

On November 20, 2015, Employee filed a petition for benefit determination that identified an August 26, 2015 date of injury.[2] Employee asserted that, while her symptoms had improved during periods of performing managerial tasks, they had increased in severity when she returned to her former duties. Employer responded by asserting a statute of limitations defense, which the trial court rejected. Employer appealed, and we affirmed. *See Kelso v. Five Star Food Serv.*, No. 2015-01-0413, 2016 TN Wrk. Comp. App. Bd. LEXIS 36 (Tenn. Workers' Comp. App. Bd. June 15, 2016).

Employer subsequently provided a panel of physicians, but the physician selected by Employee apparently believed he had been retained to conduct an examination on Employer's behalf and opined that Employee's symptoms were not causally related to her employment. When the trial court became aware of the nature of the examination, it

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

[2] A previous petition for benefit determination had been filed identifying July 1, 2014 as the date of injury. That petition was withdrawn and a new one was filed with the August 2015 date.

ordered Employer to provide another panel of physicians. Employee selected Dr. Robert Mastey, who performed an examination and likewise concluded that Employee's complaints were not causally related to her employment. Employer also sent a letter to Dr. Mastey, asking him whether Employee's bilateral hand numbness and tingling were primarily caused by her employment, and Dr. Mastey responded that they were not.

Employer then filed a motion for summary judgment. The trial court granted the motion and dismissed the case. Employee has appealed. However, she has made no argument or offered any explanation as to how the trial court erred in granting summary judgment. In her notice of appeal, she asserts that the workers' compensation system is unfair and that she did not receive adequate medical care but does not address the trial court's decision. Similarly, on November 29, 2017, Employee submitted an untimely brief, which identifies no issues for our review, cites no authority, and fails to address the trial court's decision in any meaningful way.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel. The law prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" as doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

We also note that Employee is self-represented in this appeal. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). At the same time, however, courts must

> be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

In short, it is unclear how Employee contends the trial court erred in resolving her case, and we decline to speculate. Accordingly, we affirm the trial court's decision and certify the court's order as final.[3]

---

[3] On October 4, 2017, Employee filed a "Motion to Compel Documents," which appears to seek an order compelling Employer to provide a copy of an accident report. Given our disposition of this appeal, the motion is denied as moot.



**FILED**

**December 8, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 9:14 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Roxanna Marie Hazy Kelso | ) | Docket No. 2015-01-0413 |
| | ) | |
| v. | ) | State File No. 91781-2015 |
| | ) | |
| Five Star Food Service, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 8th day of December, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Roxanna Marie Hazy Kelso | | | | | X | rmkelso@yahoo.com 221 Forest Hills Drive, Charleston, TN 37310 |
| Gordon Aulgur | | | | | X | Gordon.aulgur@accidentfund.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov